IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER SEVEN |
| --- | --- | --- |
| OLD WEST COWBOY BOOTS CORP. | : | BANKRUPTCY NO.: 5-03-bk-54137 |
| DEBTOR | : | |
| JOHN J. MARTIN, | : | |
| PLAINTIFF | : | |
| vs. | : | |
| OLD WEST COWBOY BOOTS CORP. GIRIWARLAL GUPTA, KIRAN GUPTA, TRILOKI BATRA, POCONO WESTERN BOOT CO. and G & K GUPTA FAMILY LTD. PARTNERSHIP | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-06-ap-50096** |

# **OPINION**[1]

The underlying procedural posture of this case is as follows. On March 3, 2006, John J. Martin, Trustee for the Chapter 7 estate of Old West Cowboy Boots Corporation, hereafter "Debtor," filed a nine-count Complaint against the above-captioned Defendants stating several causes of action under both state law and the Bankruptcy Code. Significant to the allegations of the Complaint and, perhaps more so, the basis for the instant Motion for Summary Judgment, are two actions filed in the United States District Court for the Middle District of Pennsylvania with one being captioned "JAMA Corporation vs. Gupta, et al." at Civil Action No. 3:cv-99-1624 and the other captioned "Rajiv Jalan, et al. vs. Gupta, et al." at Civil Action No. 3:cv-99-1574.

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

The Defendants filed a previous Motion to Dismiss this adversary, (Doc. #8), which Motion provided argument that all counts of the underlying adversary should be dismissed because they were filed outside of several applicable statutes of limitations. Defendants also assert that based upon the disposition of the aforementioned actions filed in the District Court, the adversary before me was barred by the doctrines of res judicata and collateral estoppel. By Order dated September 12, 2006, this Court determined that potential applicability of the tolling doctrines generally were not amenable to resolution under Rule 12(b)(6) motions and, therefore, denied the Motion to Dismiss. Subsequent to the filing of answers, the instant Motion for Summary Judgment was filed by all Defendants. In short, the Motion for Summary Judgment makes the same arguments that were advanced in the Motion to Dismiss, and, for the same reasons referenced above, the Defendants ask that I enter judgment in their favor in the underlying adversary.

This Court has addressed both the requirements of res judicata and collateral estoppel in the case of *In re Cost Control Marketing and Management, Inc*.

> Res judicata and collateral estoppel are two principles of judicial finality which have the same general objective but have differences which are more than merely of procedural importance. 1B Moore's Federal Practice, ¶ 0.405[1], pages III-4 and III-5 provides the following explanation as to the terms res judicata and collateral estoppel and the distinctions between the two of them.
>
> > **[1]-- Res Judicata Defined; Its Function and Underlying Policy.**
> >
> > The term res judicata is often used to denote two things in respect to the effect of a valid, final judgment: (1) that such a judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim or demand; and (2) that such a judgment constitutes an estoppel, between the same parties or those in privity with them, as to matters that were necessarily litigated and determined although the claim

or demand in the subsequent action is different. To clarify the distinction between these propositions, we will use the commonly accepted terminology and use the term "res judicata" to describe the first proposition only, and the term "collateral estoppel" to describe the second proposition.

The Bank directs our attention to the case of **Purter v. Heckler, 771 F.2d 682 (3rd Cir. 1985)** in which the court discussing the requirements to successfully raise a defense of res judicata wrote the following at page 690:

> "In order to raise successfully the defense of *res judicata*, the party asserting the defense must demonstrate that (1) there has been a final judgment on the merits in a prior suit; (2) the prior suit involves the same parties or their privies and (3) the subsequent suit is based on the same causes of action. *United States v. Athlone Industries, Inc.,* 746 F.2d 977, 983 (3d Cir. 1984)."

The court further wrote also on page 690 the following concerning the considerations relevant as to whether or not there is an identity of causes of action:

> "(1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions....); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first) ... and (4) whether the material facts alleged are the same."

As to collateral estoppel or issue preclusion:

> "Issue preclusion, formerly titled collateral estoppel, proscribes relitigation when the identical issue already has been fully litigated. Issue preclusion may be invoked when: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question. *Temple University v. White,* 941 F.2d 201, 212 (3d Cir. 1991), *cert. denied,* __ U.S. __, 112 S.Ct. 873, 116 L.Ed.2d 778 (1992)." **Bd. of Tr. of Trucking Emp. Pension Fund v. Centra, 983 F.2d 495, 505 (3rd Cir. 1992)**.

> Under either doctrine, the same parties or those in privity with them
> must be subject to a valid final judgment.

*In re Cost Control Marketing and Management, Inc. (Murray vs. Leiter, et al.)*,
Adversary No. 5-92-ap-00102, slip op. at 5 (Bankr. M.D.Pa. July 13, 1994).

The Court, focusing primarily on the privity requirement found in both doctrines, has determined that the Defendants' arguments in this regard are certainly not sufficiently compelling to find that the Trustee of this estate was in privity with the Plaintiffs in the prior district court actions. While it is true that the Plaintiffs in the district court actions are also creditors of this bankruptcy estate and the Trustee may take legal actions which ultimately benefit those creditors, that is not enough to establish privity and call into play either the doctrine of res judicata or collateral estoppel. Foremost, the Chapter 7 Trustee represents the underlying bankruptcy estate which has a vitality separate and apart from individual creditors of the estate. The estate is given definition and meaning by several applicable sections of the United States Bankruptcy Code. While the Trustee's litigation of this adversary may potentially benefit the individual creditors who also were Plaintiffs in the district court actions, those same Plaintiffs/creditors cannot be said to have exercised the Chapter 7 estate's interest in those district court actions. In other words, the Chapter 7 estate's interest, as a whole, was not represented by the individual creditors in the previous district court lawsuits.

Both parties in support of their positions cited the case of *First Options of Chicago, Inc. vs. Kaplan*, 913 F.Supp. 377 (E.D. Pa. 1996). The *First Options* Court does a superb job of describing the requirements for a finding of "privity" in a res judicata context.

> The term privy "is merely a word used to say that the relationship between
> one who is a party on the record and another is close enough to include the

> other within the res judicata." (Citations omitted.) ("[Privity is a legal determination for the trial court as to whether the relationship between the parties is sufficiently close to support preclusion."). (Footnote omitted.) Courts have typically found privity to exist in three circumstances: (1) where the nonparty has succeeded to, or shares a concurrent right to the party's interest in, property, (2) where the nonparty controlled the prior litigation, and (3) where the party adequately represented the nonparties' interests in the prior proceeding. (Citations omitted.)

*Id.* at 383.

It is the third factor referenced above that causes the most pause for this Court to find in its decision whether there was privity between the Plaintiffs in the district court actions and the Trustee in this case. "Case law reveals that the primary concern of the adequate representation doctrine is alignment of the interests and incentives of the party to the prior litigation and the nonparty against whom res judicata is claimed." *Id.* at 386.

This record simply does not support a finding that the interests and incentives of the individual creditors in the district court actions are aligned with the responsibilities and interests of a Chapter 7 Trustee representing the bankruptcy estate.

It is for all these reasons stated above that the Court will deny that portion of the Motion for Summary Judgment requesting a dismissal of the underlying adversary case under the doctrines of res judicata and collateral estoppel.

Left for consideration, however, are the arguments advanced by the Defendants that each and every count of the underlying complaint should be dismissed because they were filed outside of several applicable statutes of limitations. That argument was responded to by the Trustee that under several theories, including "adverse domination," "discovery rule," and "equitable tolling," all of the counts of the complaint are timely and should not be dismissed. The Court has determined that each of the doctrines relied upon by the Trustee are very much fact intensive. The doctrines referenced above may have a

different impact on the individual counts because of the potential of the applicability of different statutes of limitations. It is for that reason that the Court will set a hearing on **<u>Tuesday</u>**, **<u>February 10, 2009</u>**, at **9:30** o'clock A.M. in Bankruptcy Courtroom No. 2, Max Rosenn United States Courthouse, 197 South Main Street, Wilkes-Barre, Pennsylvania, at which time the parties should be prepared, by way of argument and evidence, whether testimonial or otherwise, to present facts and arguments to support and defend against the application of any of the several tolling doctrines relied upon by the Trustee. In this regard, the Court will withhold resolution of this specific portion of the Motion for Summary Judgment barring any counts of the complaint because of the running of the applicable statute of limitations.

    An Order will follow.

Date: October 30, 2008

*John J. Thomas, Bankruptcy Judge*
(CMS)

*This opinion is electronically signed and filed on the same date.*