IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| OLD WEST COWBOY BOOTS CORP. | : | BANKRUPTCY NO.: 5-03-bk-54137 |
| DEBTOR | : | |
| JOHN J. MARTIN, | : | |
| PLAINTIFF | : | |
| vs. | : | |
| OLD WEST COWBOY BOOTS CORP. GIRIWARLAL GUPTA, KIRAN GUPTA, TRILOKI BATRA, POCONO WESTERN BOOT CO. and G & K GUPTA FAMILY LTD. PARTNERSHIP | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-06-ap-50096** |

# **OPINION**[1]

This Opinion constitutes part two of this Court's adjudication of a Motion for Summary Judgment filed by the above-captioned Defendants. Part one of the Court's ruling is found in an Opinion and Order dated October 30, 2008 and found on the adversary docket as numbers 103 and 104, respectively. The Motion for Summary Judgment requests the Court dismiss the underlying Complaint on two separate fronts. Defendants' first attack on the underlying Complaint requested that it be dismissed under the doctrines of res judicata and collateral estoppel. Without going into great detail, the

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

K:\Cathy\Opinions-Orders filed 2009\5-06-ap-50096_Old_West_Cowboy_Boots_SJ.wpd]

Court directs the parties' attention to the Court's earlier Opinion of October 30, 2008 for the reasons behind the Court's denying that portion of the Motion for Summary Judgment.

Remaining for consideration are the arguments advanced by the Defendants that all the Counts of the Complaint should be dismissed because of the applicability of the statute of limitations despite several tolling theories, namely; adverse domination, discovery rule, and equitable tolling. This Court determined that the application of these tolling theories was fact intensive and, therefore, reserved ruling until after a hearing giving the parties a chance by way of argument and presentation of evidence to support or defend the application of the tolling doctrines. In that regard, the Court held a hearing on February 10, 2009, and the matter is now ripe for final adjudication. The Court will address the arguments advanced to dismiss each Count of the Complaint seriatim.

The Defendants' position is that all of the Plaintiff's claims represented in the various Counts of the Complaint are barred by the applicable state statute of limitations despite the impact of the bankruptcy on those state statute of limitations pursuant to 11 U.S.C. §§ 108 and 546. The Plaintiff responds that there is no dispute that the claims found in Counts I, II, III, IV, and V, are subject to a two-year statute of limitation, and the acts complained of occurred far in excess of years prior to the filing of the petition. See Plaintiff's Memorandum of Law in Response to Defendants' Motion for Summary Judgment, Doc. No. 90 at p. 3. The Plaintiff argues, however, that the statute of limitations applicable to those Counts were tolled. Plaintiff asserts that the "adverse

domination" doctrine tolled the statute of limitations in the period prior to the filing of the underlying bankruptcy case. As advanced by the Plaintiff, "[t]he doctrine is based on the theory that the corporation which can only act through the controlling wrongdoers cannot reasonably be expected to pursue a claim which it has against them until they are no longer in control." See Plaintiff's Memorandum at pp. 3-4. The argument continued that because the Defendants controlled the Debtor until the date of the bankruptcy petition, the "adverse domination" doctrine tolled the running of the statute of limitations until such time as the Plaintiff stepped into the Debtor's shoes or, perhaps more aptly, the Debtor's boots.

At the time of the hearing on this Motion, the parties paid significant attention to whether the Debtor and counsel for the Debtor took actions that would have resulted in the application of one or more of the tolling theories as discussed below. Very little, however, was proffered by way of argument or factual support, testimonial or written, to support his position that the tolling doctrine of adverse domination tolled the running of the statute of limitations pre-petition. The logical conclusion I must make is that on the date of the filing of the petition, the statute of limitations had run on the causes of action found in Counts I, II, III, IV, and V of the underlying Complaint.

I will now turn my attention to Count VI requesting recovery of fraudulent transfers made to the Defendants under 11 U.S.C. § 548. 11 U.S.C. § 546(a) provides the parameters of the time in which an action under § 548 can be commenced by a Trustee. The latest the Plaintiff could have commenced the fraudulent transfer Complaint was two

K:\Cathy\Opinions-Orders filed 2009\5-06-ap-50096_Old_West_Cowboy_Boots_SJ.wpd]   3

Case 5:06-ap-50096-JJT    Doc 114    Filed 09/30/09    Entered 09/30/09 15:01:34    Desc
Main Document    Page 3 of 9

years from the filing of the petition. The Plaintiff asserts the period to file a Complaint under § 548 was tolled because of the application of the "discovery rule" which is applied when a party, despite the exercise of diligence, cannot ascertain injury therefore tolling the running of the statute of limitations.

The Plaintiff also asserts that "equitable tolling" may also bar invocation of the statute of limitations as a defense. The equitable tolling argument is closely aligned with Plaintiff's argument that the Defendants are barred from pleading the running of the statute of limitations because of their own unclean hands. More specifically, Plaintiff asserts that Defendants misled not only the Plaintiff, but the Court, through various mechanisms of fraud and delay by way of filing false schedules, purposeful delay in production of documents, hiding assets, and by impeding the appointment of special counsel. Plaintiff alleges that these acts, taken together, caused a delay in the filing of the underlying adversary proceeding.

The testimony elicited at the hearing on February 10, 2009 provides the following highlights in connection with the various tolling theories advanced by the Plaintiff: at the § 341 hearing held in February of 2004, through the questioning of a representative of the Debtor, the disclosure was made of the potential claims by Rajiv Jalan, Rishi Jalan and Pushpa Jalan and Jama Corporation, by way of certain civil actions instituted against the corporate insiders which constitute assets of the estate.[2] Two objections by Mark

---

[2] For a more detailed discussion of the referenced civil actions filed in the Middle District of Pennsylvania against the corporate representatives, see the Court's earlier Opinion of October 30, 2008 at page 1. (Docket at #103.)

Conway, counsel for the Debtor, one in November of 2004 and another in May of 2005, were made to a Motion to Employ as Special Counsel for the Trustee the Law Firm of Sheils Law Associates, P.C., and Piliero, Goldstein, Kogan & Mitchell, LLP. The first objection was sustained by Order of this Court without prejudice. While the objection to the May of 2005 Motion to appoint special counsel was making its way through the docket, a stipulation of settlement was filed between John Martin, as the Chapter 7 Trustee of the estate, and Pocono Western Boot Company and Giriwarlal and Kiran Gupta (these parties eventually become captioned Defendants in the underlying adversary) of all claims that the Trustee on behalf of the estate had against Pocono and the Guptas. The second Motion to appoint special counsel was eventually granted over objection by the Debtor. See docket at number 80. Thereafter, an objection was filed by the Debtor to the stipulation of the settlement of the claim of the estate against Pocono and the Guptas. That matter went to hearing, and it was settled on the docket at number 81 on September 29, 2005. The Plaintiff's position is that these events, reviewed as a whole, evidence a deliberate attempt by the Debtor to delay the filing of the underlying adversary.

But, on cross examination, when questioned on what the Plaintiff based the initiation of the underlying adversary proceeding upon, he indicated that he was aware of the earlier District Court cases which provided the factual basis for the instant adversary proceeding. The Plaintiff testified that the Debtor's counsel did not take any action to impede his investigation. Neither the Plaintiff nor his counsel requested of the Debtor or

its counsel a tolling agreement during the period between the filing of the petition and the filing of the adversary Complaint. The Plaintiff further testified that the settlement stipulation did not impede his efforts to investigate claims against the Defendants and file the ultimate adversary against the Defendants, and he was not misled by anyone during the course of the settlement discussions.

When the Plaintiff was asked whether the attorney for the Debtor did anything to distract him from filing the underlying Complaint from the period of the filing of the petition on August 22, 2003 through November of 2004, the date the Plaintiff filed the initial application to employ counsel, he answered in the negative. Furthermore, the same question was asked encompassing the period of November of 2004 through March 6, 2005, when the Complaint was filed, and the Plaintiff again answered that he was not distracted by Mr. Conway, Counsel for the Defendants. Furthermore, the Plaintiff indicated that his review of the docket showed there was nothing that prohibited his special counsel from filing a Complaint before August 22, 2005, which was the date two years after the petition was filed.

Based upon the testimony elicited at the hearing, the Court finds that post-petition, none of the tolling doctrines apply to toll the applicable state statutes of limitations.

Because I find there was no tolling of any applicable statute of limitations including that permitted by § 546, I will also grant the Motion for Summary Judgment concerning Count VI since the Complaint was filed on March 3, 2006, well after the statute ran on August 22, 2005.

No evidence was proffered which directly impacted whether the statute of limitations tolled on Count VIII (Conversion) and Count IX (Unjust Enrichment) of the Complaint. In other words, while the parties agreed that there was a two year statute of limitations on Counts I through V, no such agreement was forthcoming on Count VIII and Count IX. In this regard, I look to 11 U.S.C. § 108(a)(1) and (2) to determine whether the Trustee's Complaint was timely concerning Counts VIII and IX. There is no doubt that the Plaintiff's Complaint was filed after two years from the Order for Relief. But, was the Complaint filed timely, nonetheless, under applicable non-bankruptcy law? In Pennsylvania, there is a four year statute of limitation for causes of action brought for unjust enrichment. 42 Pa.C.S. § 5525(a)(4). This section provides that "an action upon a contract implied in law, except an action subject to another limitation specified in this sub chapter, must be commenced within four years." In Pennsylvania, actions based on unjust enrichment are actions which sound in quasi-contract or contract implied in law. *Schott v. Westinghouse Electric Corp.*, 436 Pa. 279, 259 A.2d 443, 448 (1969); *Cole v. Lawrence*, 701 A.2d 987, 989 (Pa.Super.Ct. 1197). Furthermore, the statute of limitations generally begin to run as soon as the right to institute an action arises. *Sevast v. Kakouras*, 591 Pa. 44, 915 A.2d 1147 (2007) *citing Crouse v. Cyclops Industries*, 560 Pa. 394, 745 A.2d 606, 611 (2000). The question now is when did the cause of action ripen. For an answer to this question, we need not look past the allegations of the Plaintiff's Complaint. Paragraph 28 of the Complaint alleges that Defendant, Dr. Giriwarlal Gupta, purchased the building which was leased to the Debtor for the purposes of its business on

August 23, 1994. At Paragraph 31, the allegation is that the Defendant, Dr. Giriwarlal Gupta, used Debtor's corporate funds to purchase, in his personal name, the real estate on which the offices and warehouses of the Debtor are located in Monroe County. Furthermore, at paragraph 33, the allegation is that the Guptas were in exclusive control over the funds of the Debtor from the time that Kiran Gupta became a shareholder to the present time of the filing of the Complaint. Kiran Gupta became sole shareholder in January of 1994. Thereafter, through the several Counts of the Complaint, all allegations relate back to the formation of the corporation with the transfer of shares of the corporation to certain Defendants and the purchasing of the real estate in the name of Dr. Giriwarlal Gupta by the use of corporate funds. All relevant events occurred in 1994. Therefore, this Court finds that for purposes of the claim of unjust enrichment, the statute of limitations, a four year statute of limitations under Pennsylvania law, began to run in 1994 and, therefore, expired prior to the time of the filing of the bankruptcy petition.

Addressing Count VIII of the Complaint for Conversion, the Court finds that the statute of limitations for an action in conversion is two years. 42 Pa.C.S. § 5524(3). Again, the statute of limitations begins to run when the right to institute and maintain a suit arises. In this case, that right began in 1994 for the same reasons as provided above. The Court finds, also, that the statute of limitations had expired prior to the filing of the Complaint by the Plaintiff post-petition.

Finally, I note that the remaining "cause of action" is found in Count VII (Piercing the Corporate Veil). Attempting to pierce the corporate veil is not a cause of action but a

means to impose liability on an underlying cause of action. 1 C. Keating & G. O'Gradney, *Fletcher Cyclopedia of Law of Private Corporations* § 41 at 603 (perm. ed. 1990); *Peacock v. Thomas*, 516 U.S. 349, 116 S.Ct. 862 (1996). With a determination that the statute of limitations had expired for other Counts of this Complaint, the Court sees no reason to permit Count VII to go forward, and therefore, that Count will also be dismissed.

Based upon the foregoing, the Court will hereby enter an appropriate Order to grant the Defendants' Motion for Summary in its entirety.

Date: September 30, 2009

John J. Thomas, Bankruptcy Judge

(CMS)

*This opinion is electronically signed and filed on the same date.*